JEFFREY G. THOMAS
1516 Brockton Avenue Apt. 4
Los Angeles, California 90025
Telephone: 310-650-8326

Email: jgthomas128@gmail.com, usoldit@hotmail.com

FILED
DEC 02 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# BANKRUPTCY COURT AT LOS ANGELES
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY G. THOMAS, Intervenor.<br><br>v.<br><br>BLAKE ALSBROOK, receiver.<br><br>IN RE FREEDOM 26, LLC,<br><br>Debtor. | Case No. 23-bk-16953-DS<br><br>**JEFFREY G. THOMAS'S COMPLAINT IN INTERVENTION TO REIMPOSE AUTOMATIC STAY ON RECEIVER BLAKE ALSBROOK**<br><br>Date Lodged outside Courtroom or Chambers: 12/2/24<br>Place: Courtroom 1639, Edward Roybal Courthouse, 255 E. Temple Street, Los Angeles, California 90012 |

## ADVERSARY COMPLAINT

COMES NOW JEFFREY G. THOMAS, a tenant in 1516 Brockton Avenue, with the following complaint against Blake Alsbrook, receiver

appointed by the state court and whose hiring was approved by this bankruptcy court pursuant an application for hiring a professional.

1. Receiver Alsbrook brought an action in unlawful detainer against "Doe" on or about August 1, 2024 in Santa Monica Superior Court 24 SMUD018198.

2. Alsbrook purported to bring this U.D. action after purporting to serve Thomas with process of a notice to quit after thirty days, which notice was imperfectly served on "Doe" attached to his window and not mailed to him.

3. Alsbrook represented and informed Santa Monica Superior court in a motion to borrow money filed on July 12, 2024 (before bringing unlawful detainer) in 23SMCV02279 that he intended to demolish the building at 1516 Brockton and not repair the substantial defects in habitability in unit no. 4 without informing Thomas.

4. Alsbrook has not informed Los Angeles City Housing Department of the intent to demolish the building and therefore the City has not sent the Ellis Act notice to tenants required under Cal. Gov't. Code Section 7060. Because Thomas is seventy one years of age the Ellis Act requires one year notice in advance to terminate a tenancy because of leaving the rental business.

5. Because Alsbrook has deliberately to deceive omitted to inform the City and Thomas of timely intent to demolish the building, Thomas is

harmed because the pending unlawful detainer trial on December 4 threatens to dispossess him of living arrangements. Alsbrook must therefore be equitably estopped and judicially estopped from circumventing the Ellis Act and attempting to terminate Thomas's tenancy without one year's advance notice.

6.  Through BRUCE MENKE attorneys at law, Alsbrook has refused to stipulate to continuing the trial to permit Thomas to present an effective in propria persona defense electronically of the uninhabitability evidence and has refused to stipulate to a continuance.

7.  The relief from turnover order (which denied relief from the automatic stay) dated December 29, 2023 instructed Alsbrook to attempt to work out problems with authority to manage the property and to sue and be sued according to state law, Alsbrook has not applied to the state court in 23SMCV02279 for approval of the unlawful detainer action and BRUCE MENKE Attorneys have not applied for approval of their representation of Alsbrook under California Rule of Court 3.1180. And this denies due process of the laws as notice and opportunity to be heard to Thomas.

WHEREFORE, Thomas prays for relief against Alsbrook and his privies and attorneys at law in concert therewith (especially BRUCE MENKE) as follows:

1. That the court reimpose the automatic stay in bankruptcy to halt the unlawful detainer as soon as possible ("stat");

2. Payment of relocation expenses according to the schedule of the Los Angeles City Dept. of Housing; and

2. Such other and further relief as the court deems appropriate including "clean-up" money damages as appropriate.

DATED:    December 2, 2024

JEFFREY G. THOMAS

/s/ Jeffrey G. Thomas
INTERVENOR

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED DEC 02 2024 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

| PLAINTIFFS<br>Jeffrey G. Thomas, | DEFENDANTS<br>Blake Alsbrook |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>in propria persona, 1516 Brockton Ave. #4,<br>Los Angeles, California 90025   310-650-8326 | ATTORNEYS (If Known)<br>Ervin, Cohen and Jessup, 9401 Wilshire Blvd.<br>Beverly Hills, CA 90212   310-273-6333 |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Cause of Action to Re-impose Automatic Stay on Receiver Alsbrook as it pertains to the unlawful detainer action that he filed against me in state court, 24SMUD01898

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Reimpose automatic stay, Alsbrook declared to be in contempt of this court
Bankruptcy Code Section 105

Case 2:24-ap-01269-DS    Doc 1    Filed 12/02/24    Entered 12/02/24 15:16:59    Desc
Main Document    Page 6 of 6

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Freedom 26, LLC || BANKRUPTCY CASE NO.<br>23-bk-16953 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>D. Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Jeffrey G. Thomas* (signature) ||||
| DATE<br>December 2, 2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey G. Thomas |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.